**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Derek Bowen,**<br>***Plaintiff***<br>**v.**<br><br>**Janus Henderson Advisers US LLC *doing business as* Janus Henderson Investors, et al.,**<br>***Defendants*** | **§<br>§<br>§<br>§<br>§<br>§<br>§** | **No. 1:24-cv-00240-RP** |

**ORDER**

Before the Court are Plaintiff's Motion to Compel Production of Documents, filed July 2, 2026 (Dkt. 34); the associated response and reply briefs; and the Joint Advisory to the Court, filed September 11, 2026 (Dkt. 42) pursuant to Court Order (Dkt. 37).[1]

**I. Procedural Background**

This case asserting claims for employment retaliation was filed on March 5, 2024. Discovery closed June 16, 2026. Dkt. 29 ¶ 1. Defendants moved for summary judgment on August 19, 2026, the dispositive motion deadline. *Id.* ¶ 2; Dkt. 38. Plaintiff filed his response on September 2, 2026, and the motion is ripe for disposition. Dkt. 39. Trial is set for January 11, 2027. Dkt. 29 ¶ 10.

**II. Analysis**

Local Rule CV-16(e) provides: "Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery." Under this rule, absent exceptional circumstances, any discovery motions were due June 30, 2026.

[1] By Text Order entered July 13, 2026, the Honorable Robert Pitman referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Plaintiff moved to compel production on July 2, 2026, two days after the June 30 deadline. Dkt. 34. He seeks documents responsive to twelve requests for production ("RFPs"). The first four (Nos. 85, 93, 94, and 99 in part), from Plaintiff's second set of RFPs, were served on Defendants on May 5, 2026, and Defendants timely responded on June 4, 2026, twelve days before the discovery deadline. Dkt. 34-1 at 11-27. The other eight requests (Nos. 103-110), from Plaintiff's third set of RFPs, were served on May 17, 2026, and Defendants timely responded the day discovery closed: June 16, 2026. Dkt. 34-1 at 29-40. Only Defendant's objections to his third set of RFPs are "conduct occurring during the final 7 days of discovery" under Local Rule CV-16(e).

In his opening brief, Plaintiff does not contend that exceptional circumstances apply to his late-filed motion or otherwise address Local Rule CV-16(e). Defendants argue that no exceptional circumstances exist, contending that Plaintiff challenges "objections he either knew about for years or received before discovery closed" but did not send his deficiency letter until June 23, 2026. Dkt. 35 at 1. Defendants also argue that RFPs Nos. 94 and 103-110 are duplicative of Nos. 67 and 69, to which Defendants served objections on February 7, 2025, with no objection from Plaintiff.

In his reply brief, Plaintiff argues that Defendants' offer of July 1, 2026 as a date for the conference required by Local Rule CV-7(g) "is itself an exceptional circumstance." Dkt. 36 at 2. In support of his argument, Plaintiff cites only *Robles v. Tex. Tech Univ. Health Scis. Ctr.*, No. EP-14-CV-00321-FM, 2015 WL 12671891, at *3 (W.D. Tex. June 12, 2015).

*Robles* is readily distinguishable. In that case, the Court found that the plaintiff was unaware of the requested documents until after depositions taken in the final days of the discovery period, finding that "the late basis [of] Plaintiff's knowledge of the documents' absence constitutes extraordinary circumstances justifying relief and the near-deadline discovery requests." *Id.* The defendant in *Robles* also did not contend that the production would impose any burden. *Id.* In the

full sentence from which Plaintiff quoted only the final clause, the Court concluded: “As sufficient justification existed for the lateness of Plaintiff’s discovery requests, and there is no indication additional discovery would be unduly burdensome, it would be unjust in these circumstances to deny Plaintiff's Motion solely because it was filed late.” *Id.*

In contrast, Plaintiff offers no explanation for waiting more than two years to request the documents he now seeks to compel, and Defendants persuasively explain why their production at this phase of the proceeding would impose an undue burden. Although they did not submit a supporting affidavit detailing the time or expense involved, Defendants represent that they completed production in July 2025 pursuant to their February 2025 responses and objections to Plaintiff’s first set of RFPs, to which Plaintiff never objected. Defendants state:

> Over the past two years, Defendants have conducted substantial ESI collection across multiple custodians, data sources, and time periods – identifying relevant custodians, running targeted searches, and reviewing results for responsiveness and privilege. During discovery Defendants reviewed approximately 23,621 documents and produced 9,995.
>
> Building a new ESI workflow now – adding new custodians, searching new platforms, extending time periods – requires new collection efforts, search parameters, review queues, and production cycles. That process could take weeks or months, not days. . . . The time and resources necessary to restart ESI collection – at the same time Defendants are preparing their summary judgment motion – would be substantially burdensome and disproportionate to the legitimate needs of this case.

Dkt. 35 at 5.

The circumstances presented here show the purpose of Local Rule CV-16(e). Injustice would result not from enforcing the well-established deadlines to bring discovery disputes before the Court, as Plaintiff argues, but from permitting parties to wait a year after production and beyond the close of discovery before pursuing relief from opposing counsel or the Court.

> The parties have already submitted motions for summary judgment and trial is near. It would be inappropriate to effectively reopen discovery, and therefore potentially have parties amend their dispositive motions, this close to trial. This is precisely why the scheduling order, and Local Rule CV-16, state that the Court will not entertain discovery motions after the discovery period closes.

*Graves v. Gaskamp*, No. A-11, CA-548 LY, 2012 WL 3202961, at *1 (W.D. Tex. Aug. 2, 2012); *see also Gray v. Experian Info. Sols., Inc.*, No. 1:23-CV-545-RP, 2024 WL 4932539, at *1 (W.D. Tex. July 25, 2024) (denying as untimely motion to compel filed on the discovery deadline). The Court discerns from the record presented a lack of diligence on Plaintiff's part, not exceptional circumstances for reopening discovery at this late stage of the proceeding.

## III. Conclusion

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel Production of Documents (Dkt. 34).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 15, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE